Case 9:23-cv-00356-DNH-CFH   Document 2   Filed 03/21/23   Page 1 of 34

STATE OF NEW YORK
SUPREME COURT-ONONDAGA COUNTY

LAUREN VALCHINE, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE
ESTATE OF PAUL WATKINS
                        Plaintiffs                      1ST AMENDED
-against-                                               COMPLAINT

COUNTY OF ONONDAGA,
ONONDAGA COUNTY SHERIFF,
PROACTIVE HEALTH CARE MEDICINE, PLLC, AND
NAPHCARE, INC.
                        Defendants

Lauren Valchine, individually, as natural representative of Paul Watkins's next of kin, and as Administrator of the Estate of Paul Watkins, states upon information and belief as and for her complaint as follows:

## SUMMARY OF ACTION

I.      This is a negligence and wrongful death action brought by Lauren Valchine, a] in her individual capacity as spouse of Paul Watkins, b] in her capacity as natural representative of Paul Watkins's next of kin, and c] in her capacity as Administrator of the Estate of Paul Watkins. Paul Watkins an inmate in the care, control and custody of Onondaga County and the Onondaga County Sheriff at the Onondaga County Justice Center was entitled to physical and mental health care. Onondaga County and the Onondaga County Sheriff contracted with Proactive Health Care Medicine, PLLC. to provide physical and mental health care to inmates at the Onondaga County Justice Center. Proactive Health Care Medicine, PLLC and NaphCare, Inc. are factually and

Case 9:23-cv-00356-DNH-CFH   Document 2   Filed 03/21/23   Page 2 of 34

legally indistinguishable, or are otherwise agents, one for the other, thereby making Proactive Health Care Medicine, PLLC responsible for he actions of NaphCare, Inc.; and NaphCare, Inc. responsible for the actions of Proactive Health Care Medicine, PLLC. On December 17, 2021, while an inmate still under the care, control, and custody of Onondaga County and the Onondaga County Sheriff, Paul Watkins died due to suicide by asphyxia. [hereafter Paul Watkins is referred to as Decedent. Onondaga County, the Onondaga County Sheriff, Proactive Health Care Medicine, PLLC, and NaphCare, Inc. are jointly and severally referred to as Defendants]

2.      This is also an action based on Defendants negligence, gross negligence, and deliberate indifference to Decedent's serious physical and mental health needs.

3.      Upon Decedent's admission to the Onondaga County Justice Center and during his incarceration, Defendants failed to evaluate, monitor, and/or treat Decedent's physical and mental health needs.

4.      Among other warning signs that Decedent was contemplating self-harm and/or suicide, while an inmate in the Onondaga County Justice Center Decedent made and received telephone calls to and from third persons stating in words and substance that he was going to kill himself. These telephone conversations were monitored, and/or were supposed to be monitored and recorded by Defendants. As warned and promised Decedent committed self-harm by suicide on or about December 16, 2021.

5.      Due to Defendants' failures, inattention, and deliberate indifference to Decedent's physical and mental health, Decedent was found by Defendants unresponsive in his cell at the Onondaga County Justice Center on or about December 16, 2021. Decedent passed away from his self-imposed conduct on or about December 17, 2021 while at Upstate University Hospital in Syracuse, New York.

## PARTIES

6.      **Plaintiff, Lauren Valchine** is the wife of Decedent.   She resides in Baldwinsville, Onondaga County, NY.  She brings this action in her individual capacity as Decedent's wife, in her capacity as natural representative of Decedent's next of kin, and in her capacity as Administrator of the Estate of Paul Watkins.

7.      At all times relevant hereto, Decedent resided in Onondaga County, NY.

8.      At all relevant times relevant hereto, Decedent was over the age of 18.

9.      Upon his death, Decedent left dependants, including: a] his wife, Lauren Valchine, and his children, b] Colton Watkins, c] Rosalia Watkins, d] Weston Watkins, e] Makayla Watkins, and f] Nathan Watkins.

I0.     Plaintiff, Lauren Valchine, is duly authorized to commence this proceeding.  She is acting for herself as Decedent's wife, as the natural representative of Decedent's next of kin, and as Administrator of the Estate of Paul Watkins.  For purposes of this lawsuit, Limited Letters of Administration in the Estate of Paul Watkins have been issued by the Onondaga County Surrogate's Court to Lauren Valchine .  Attached as **Exhibit A** is the Limited Letters of Administration issued on February 10/2022.

11.     The Limited Letters of Administration remain in full force and effect.

12.     **Defendant, Onondaga County** is a municipal entity organized and existing under the laws of the State of New York, with principal offices located at 421 Montgomery Street, Syracuse, New York 13202.

13.     **Defendant, Onondaga County Sheriff** is a Constitutionally created entity organized and existing under the laws of the State of New York, with offices at 407 South State Street, Syracuse, NY.

14.     The Onondaga County Justice Center is an inmate holding facility jointly and severally owned, operated, managed, controlled, and/or maintained by Onondaga

County and the Onondaga County Sheriff.

15.    At all times relevant hereto, the Onondaga County Sheriff is considered and treated by Onondaga County as an agent and department of Onondaga County; and therefore Onondaga County is responsible for all acts taken and failed to be taken by the Sheriff.  At all times relevant hereto, Onondaga County is considered and treated by the Onondaga County Sheriff as his agent, and therefore the Onondaga County Sheriff is responsible for all acts taken and failed to be taken by Onondaga County.

16.    **Defendant Proactive Health Care Medicine, PLLC** is a domestic professional service limited liability company registered in the State of New York with a principal place of business located at:  2090 Columbiana Road, Suite 4000, Birmingham, Alabama 35216 and doing business within the State of New York.  Proactive Health Care Medicine, PLLC is correctional healthcare services provider to Onondaga County, the Onondaga County Sheriff, and/or NaphCare, Inc.  Defendant Proactive Health Care Medicine, PLLC, Inc., at all time relevant hereto, was acting as an agent, servant, and/or employee of Onondaga County, the Onondaga County Sheriff, and/or NaphCare, Inc.

17.    **Defendant NaphCare, Inc** is a foreign entity registered in the State of New York with a principal place of business located at: 2090 Columbiana Road, Suite 4000, Birmingham, Alabama 35216 and doing business within the State of New York. NaphCare, Inc. is correctional healthcare services provider to Onondaga County, the Onondaga County Sheriff, and/or Proactive Health Care Medicine, PLLC. Defendant NaphCare, Inc. at all time relevant hereto, was acting as an agent, servant, and/or employee of Onondaga County, the Onondaga County Sheriff, and/or Proactive Health Care Medicine, PLLC.

18.     The Onondaga County Sheriff and Onondaga County were responsible, in whole or in part, for the ownership, management, supervision, and maintenance of the Onondaga County Justice Center, including all staff, agents, employees and contractors, including Proactive Health Care Medicine, PLLC and/or Naphcare, Inc.

19.     Onondaga County was responsible for the physical and mental heath care, safety, welfare and supervision of inmates incarcerated at the Onondaga County Justice Center.

20.     The Onondaga County Sheriff was responsible for the physical and mental heath care, safety, welfare and supervision of inmates incarcerated at the Onondaga County Justice Center.

21.     Proactive Health Care Medicine, PLLC was responsible, either directly or as an agent of NaphCare, Inc, for the physical and mental heath care, safety, welfare and supervision of inmates incarcerated at the Onondaga County Justice Center.

22.     NaphCare, Inc was responsible, either directly or as an agent of Proactive Health Care Medicine, PLLC, for the physical and mental heath care, safety, welfare and supervision of inmates incarcerated at the Onondaga County Justice Center.

23.     At all times relevant hereto, Onondaga County and/or Onondaga County Sheriff employed, hired and/or retained Proactive Health Care Medicine, PLLC. and/or Naphcare, Inc.  Defendants were jointly and severally responsible for overseeing and managing the physical and mental health care of inmates, including Decedent.

24.     Onondaga County and the Onondaga County Sheriff are jointly and severally vicariously liable for the acts of Proactive Health Care Medicine, PLLC and NaphCare, Inc. under the doctrine of respondeat superior.

25.     Onondaga County and the Onondaga County Sheriffs are vicariously liable for the acts of all employees, agents, staff, representatives, including all Corrections

Case 9:23-cv-00356-DNH-CFH   Document 2   Filed 03/21/23   Page 6 of 34

Officers and Deputy Sheriffs under the doctrine of respondeat superior.

26.     On or about March 4, 2022, Aaron Zimmerman, Esq, in his capacity as attorney for Lauren Valchine, individually and as Administrator of the Estate of Paul Watkins served a verified Notice of Claim upon Onondaga County and the Onondaga County Sheriff under New York General Municipal Law § 50-e.  No adjustment or payment has been made thereon within thirty (30) days.  This action is being commenced within one year and ninety days after the cause of action accrued.  Attached as **Exhibit B** is a copy of the Notice of Claim.

27.     Defendants failed to notice or otherwise request a New York General Municipal Law § 50-h examination and by their inaction have waived their §50-h rights to an examination.


**FACTS**

28.     Plaintiffs incorporate, as if more fully set forth herein, all of the factual and legal assertions contained within the Notice of Claim.

29.     On or about December 9, 2021 Decedent was arrested by the Onondaga County Sheriff.

30.     On of about December 9, 2021 Decedent was "booked" into the Onondaga County Justice Center.

31.     From on or about December 9, 2021 until December 17, 2021 Decedent was an inmate at the Onondaga county Justice Center and by that status Decedent was jointly and severally under the exclusive care, control and custody of Onondaga County, the Onondaga County Sheriff, Proactive Health Care Medicine, PLLC, and/or NaphCare, Inc.

32.     While Decedent was under the care, control and custody of Defendants,

Defendants jointly and severally failed to provide Decedent with non-negligent physical and/or mental health initial evaluation, monitoring, or care, including the failure to provide counseling and the failure to provide physical or mental health treatment.

33. During the time Decedent was under the under the care, control and custody of Defendants, Defendants jointly and severally failed to provide Decedent with appropriate ongoing evaluation or treatment of his physical and/or mental health needs.

34. Among other warning signs that Decedent was suicidal, Decedent made calls from the Onondaga County Justice Center to third parties, and received calls from third parties threatening and promising he would kill himself.

35. Decedent's phone calls whether made or received to and from third parties. were monitored, or able to be monitored and recorded by Defendants. Defendants jointly severally failed to properly monitor Decedent's phone calls and failed to take necessary action once Decedent threatened and promised to kill himself or otherwise engage in self-harm.

36. Defendants jointly and severally failed to organize, furnish, and/or otherwise equip Decedent' s cell so that he was unable to access items and devices, including bedding, or apparel, which could be used to commit suicide or other self-harm.

37. Defendants and their agents, jointly and severally, knew or should have known that Decedent was at risk of killing himself, or otherwise at risk of self-harm.

38. Defendants failed to place Decedent on Constant Watch, Suicide Watch and/or otherwise adequately monitor and observe him to prevent self-harm.

39. On or about the evening of December 16, 2021, Defendants failed to engage in reasonable and necessary monitoring of Decedent. At that time, Decedent engaged in acts of self-harm.

Piraino-Zimmerman   Page 7 of 16   315.475.7777

Case 9:23-cv-00356-DNH-CFH   Document 2   Filed 03/21/23   Page 8 of 34

40.     By the time Defendants observed or otherwise monitored on or about December 16, 2021, Decedent he was lying on the floor unresponsive and unconscious.

41.     On or about December 16, 2021, Defendants called for Emergency Medical Services.   EMS personnel arrived at the scene.   Decedent was transferred via ambulance to Upstate University Hospital.   While physically at Upstate University Hospital Decedent was examined.

42.     Decedent was declared dead on December 17, 2021 at Upstate University Hospital in Syracuse, New York with an apparent cause of death by suicide

**AS A FIRST CAUSE OF ACTION AGAINST ONONDAGA COUNTY
AND THE ONONDAGA COUNTY SHERIFF**

43.     At all times relevant hereto decedent was an inmate of the Onondaga County Justice Center, and was jointly and severally under the exclusive care, control, and custody of Defendants.

44.     From the moment of decedent's arrest by an Onondaga County Deputy Sheriff, Defendants jointly and severally had a duty to fully assess, screen, monitor, and evaluate Decedent's physical and mental health.

45.     Defendants jointly and severally had an ongoing duty to provide Decedent with health care, including mental health care so as to maintain the safety, health, and well-being of Decedent.

46.     At all times relevant to this action, Defendants had a duty to provide non-negligent care necessary to prevent foreseeable harm to Decedent.

47.     Defendants were jointly and severally obligated to supervise the acts of all Onondaga County Justice Center support staff, employees, agents, representatives, including all Corrections Officers and Deputy Sheriffs, and all contracted health care personnel employed by Proactive Health Care Medicine, PLLC, and/or NaphCare, Inc.

48.     While Decedent was in the custody of Defendants, Defendants and their agents, servants, assigns, and/or employees had a duty to evaluate, supervise, monitor, and safeguard Decedent's well-being and to keep track of his physical whereabouts.

49.     At all times relevant to this action, said Defendants were jointly and severally aware, and/or in the exercise of reasonable care, should have been aware of facts, circumstances, comments, and behavior of Decedent that he posed a reasonably foreseeable and objective threat and danger of self-harm.

50.     At all times relevant to this action, said Defendants knew of and disregarded the substantial risk of harm that Decedent posed to himself and otherwise failed to take reasonable and/or proper precautions to prevent Decedent from engaging in self-harm.

51.     Defendants jointly and severally breached their duty to decedent  by:

    a.     Failing to adequately supervise Decedent;

    b.     Failing to adequately and properly observe Decedent in his cell;

    c.     Failing to adequately monitor Decedent's activities while he was an inmate at the Onondaga County Justice Center;

    d.     Failing to properly evaluate, assess and/or monitor Decedent's physical and mental health;

    e.     Failing to provide Decedent with physical and mental health evaluation, care, and/or treatment;

    f.     Failing to adequately perform intake procedures which would inform Defendants and/or their agents, servants, assigns, and/or employees of an individual's physical and mental health history;

    g.     Failing to intervene to provide prompt and/or adequate, including physical and mental health treatment to Decedent;

    h.     Failing to have a policy, custom, and practice of providing adequate attention and/or treatment to inmates, including Decedent, with medical, physical and/or mental health needs;

    i.     Failing to monitor and ensure that Decedent was not engaging in self-

harm;

j.      Failing to transfer Decedent to a more appropriate incarceration facility and/or more appropriate treatment provider(s);

k.      Failing to share necessary information with Justice Center personnel so that all relevant Justice Center employees and agents were made aware of the risk of self-harm Decedent posed to himself;

m.      Failing to organize, furnish, and otherwise equip Decedent's cell so as to ensure he lacked the ability to access any items or devices which could be used to engage in self-harm;

n.      Failing to adequately staff the Onondaga County Justice Center so as to ensure the officers' and/or contractors' abilities to adequately evaluate, monitor, and supervise Decedent;

o.      Failing to adequately and properly train, screen, supervise, and/or discipline employees and/or contractors of the Onondaga County Justice Center with respect to the serious physical and mental health needs of Decedent and how to respond to mental and physical health problems exhibited by Decedent;

p.      Failing to train relevant Onondaga County Justice Center employees and/or contractors who oversaw Decedent's incarceration in identifying and responding to physical and/or mental health needs;

q.      Failing to evaluate, monitor, and/or supervise Decedent in accordance with internal policy, statewide regulations, and/or other pertinent practices, policies, laws, rules, and/or regulations for monitoring inmates at risk of self-harm in a correctional environment;

r.      Failing to follow all of Defendants' internal rules and protocols to prevent inmate self-harm, including suicides, and/or suicide attempts;

s.      Failing to intervene to prevent the Decedent's attempt at self-harm and suicide;

t.      Failing to promptly respond to prevent individuals who have physical and/or mental health needs from attempting or completing self-harm,

Case 9:23-cv-00356-DNH-CFH   Document 2   Filed 03/21/23   Page 11 of 34

including suicide;

u      Failing to provide prompt and/or adequate medical care to individuals who have engaged in acts of self-harm;

v.      Ignoring or otherwise being deliberately indifferent to indications from Decedent that his physical and/or mental health was disturbed and that he was suicidal and/or in the process of attempting to commit suicide;

w.      Otherwise failing to act and adequately respond to an inmate such as Decedent who represented a risk of self-harm and suicide;

x.      Maintaining and developing policies that exhibit deliberate indifference to the safety of inmates, which allow inmates the ability to commit suicide while under the care, custody, control, supervision, and management of the Defendants;

y.      Failing to adequately monitor security devices so as to become aware of and to prevent Decedent's ability to commit self-harm and suicide;

z.      Failing to have adequate security devices, such as cameras, in place to monitor inmate activity and prevent inmate self-harm, including suicides;

aa.      Failing to properly supervise its agents, servants, assigns, and/or employees while said individuals were on duty;

bb.      Failing to properly document complaints, reports, and/or investigations with regard to inmate safety and act on the same;

cc.      Negligently failing to report, reprimand, and otherwise discipline improper and/or illegal behavior, including failing to follow statutes, rules, regulations, and/or policy regarding potential inmate self-harm;

dd..      Failing to exercise due diligence;

ee.      Failing to maintain a safe environment for inmates, including providing "suicide smocks," "suicide apparel" and/or "suicide blankets;"

ff.      Intentionally and/or negligently violating the civil and constitutional rights of Decedent, secured by the Constitutions of the United States and of the State of New York, including the Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections V and XI of the

New York State Constitution and Section 28 of the New York State Civil Right Law.

52.     As a result and a proximate cause of the foregoing, Plaintiff's have suffered damages because of the Defendants negligent actions and negligent omissions to act.

53.     As a result of the foregoing, Decedent sustained serious and permanent personal injuries caused while conscious but unable to breath during the process of dying by asphyxiation; related physical pain and emotional suffering; loss of earnings and earning capacity; pre-death conscious physical pain and emotional suffering, mental anguish; and wrongful death.

54.     Punitive damages against all Defendants, jointly and severally, are demanded and are warranted under the circumstances.

55.     Defendants are not entitled to qualified immunity.

56.     As a result of the foregoing, Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of lower courts of the State of New York which otherwise would have jurisdiction in this action.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST Proactive Health Care Medicine, PLLC AND NAPHCARE, INC.

57.     During the period of time that decedent was in the exclusive care, control and custody of Defendants, Proactive Health Care Medicine, PLLC and/or NaphCare, Inc. were non-governmental, private independent contractors jointly and severally retained and paid by Onondaga County and the Onondaga County Sheriff to provide, oversee, and/or manage the physical and mental health care of inmates in the Onondaga County Justice Center, including the Decedent.

58.     The health care personnel employed or otherwise retained by Proactive Health

Care Medicine, PLLC and/or NaphCare, Inc. in connection with their contract, directly and/or through the acts of its agents, servants, assigns, and/or employees, breached the duty owed to Decedent to oversee and manage physical and mental health care of inmates at the Onondaga County Justice Center, including Decedent, had an affirmative duty to provide Decedent with non-negligent, competent, and responsive health care, including physical and mental health assessment, evaluation, monitoring, treatment, and care.

59.     Defendant Proactive Health Care Medicine, PLLC, and/or NaphCare, Inc. directly and/or through the acts of its agents, servants, assigns, and/or employees, breached its duty owed to Decedent by:

a.      Failing to adequately supervise Decedent;

b.      Failing to adequately and properly observe Decedent in his cell;

c.      Failing to adequately monitor Decedent's activities while he was an inmate at the Onondaga County Justice Center;

d.      Failing to properly evaluate, assess and/or monitor Decedent's physical and mental health;

e.      Failing to provide Decedent with physical and mental health evaluation, care, and/or treatment;

f.      Failing to adequately perform intake procedures which would inform Defendants and/or their agents, servants, assigns, and/or employees of an individual's physical and mental health history;

g.      Failing to intervene to provide prompt and/or adequate, including physical and mental health treatment to Decedent;

h.      Failing to have a policy, custom, and practice of providing adequate attention and/or treatment to inmates, including Decedent, with medical, physical and/or mental health needs;

i.      Failing to monitor and ensure that Decedent was not engaging in self-harm;

j.     Failing to transfer Decedent to a more appropriate incarceration facility and/or more appropriate treatment provider(s);

k.     Failing to share necessary information with Justice Center personnel so that all relevant Justice Center employees and agents were made aware of the risk of self-harm Decedent posed to himself;

m.     Failing to organize, furnish, and otherwise equip Decedent's cell so as to ensure he lacked the ability to access any items or devices which could be used to engage in self-harm;

n.     Failing to train relevant Onondaga County Justice Center employees and/or contractors who oversaw Decedent's incarceration in identifying and responding to physical and/or mental health needs;

p.     Failing to evaluate, monitor, and/or supervise Decedent in accordance with internal policy, statewide regulations, and/or other pertinent practices, policies, laws, rules, and/or regulations for monitoring inmates at risk of self-harm in a correctional environment;

q.     Failing to follow all of Defendants' internal rules and protocols to prevent inmate self-harm, including suicides, and/or suicide attempts;

r.     Failing to intervene to prevent the Decedent's attempt at self-harm and suicide;

s.     Failing to promptly respond to prevent individuals who have physical and/or mental health needs from attempting or completing self-harm, including suicide;

t     Failing to provide prompt and/or adequate medical care to individuals who have engaged in acts of self-harm;

u.     Ignoring or otherwise being deliberately indifferent to indications from Decedent that his physical and/or mental health was disturbed and that he was suicidal and/or in the process of attempting to commit suicide;

v.     Otherwise failing to act and adequately respond to an inmate such as Decedent who represented a risk of self-harm and suicide;

w.     Maintaining and developing policies that exhibit deliberate indifference

to the safety of inmates, which allow inmates the ability to commit suicide while under the care, custody, control, supervision, and management of the Defendants;

x. Failing to adequately monitor security devices so as to become aware of and to prevent Decedent's ability to commit self-harm and suicide;

y. Failing to have adequate security devices, such as cameras, in place to monitor inmate activity and prevent inmate self-harm, including suicides;

z. Failing to properly supervise its agents, servants, assigns, and/or employees while said individuals were on duty;

aa. Failing to exercise due diligence;

bb. Failing to maintain a safe environment for inmates, including providing "suicide smocks," "suicide apparel" and/or "suicide blankets;"

cc. Intentionally and/or negligently violating the civil and constitutional rights of Decedent, secured by the Constitutions of the United States and of the State of New York, including the Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections V and XI of the New York State Constitution and Section 28 of the New York State Civil Right Law. 67. Defendant, Proactive Health Care Medicine, PLLC is vicariously liable under the doctrine of respondeat superior for any of the negligent acts or negligent omissions to act committed by their medical staff, agents, servants, and/or employees.

60. As a result and a proximate cause of the foregoing, plaintiffs suffered damages because of the Defendants foregoing negligent actions and negligent omissions to act committed by Defendants.

61. As a result of the foregoing, Decedent sustained serious and permanent personal injuries, including asphyxiation; physical pain and emotional suffering; loss of earnings and earning capacity; pre-death conscious physical pain and emotional suffering, mental anguish; and wrongful death.

62.   Decedent is survived by next of kin, including a wife and minor children.

63.   Further, punitive damages against all Defendants are demanded and are warranted and proper under the circumstances.

64.   Defendants are not entitled to qualified immunity under the circumstances.

65.   Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of lower courts of the State of New York which otherwise would have jurisdiction in this action.

Dated February 16, 2023

_____

Aaron Zimmerman, Esq.
Co-Counsel to Plaintiffs
117 South State Street
Syracuse, New York 13202
[T] 315.475.7777
[F] 315.475.4225
az@ZiPiLaw.com

Lawrence A. Wangerman, Esq.
Co-Counsel to Plaintiffs
3260 Ora gulf Road
Manlius, NY 13104
wangeroo1@aol.com

# Exhibit A

*On the Date Written Below LETTERS are Granted by the Surrogate's Court, State of New York as follows:*

| | | |
|---|---|---|
| | | File #: **2022-18/A** |
| Name of : | **Paul G. Watkins** | Date of Death: **December 17, 2021** |
| Domicile of : | **County of Onondaga** | |

| | |
|---|---|
| Fiduciary Appointed: <br> Mailing Address | **Lauren E Valchine** <br> 8754 Tallwood Ridge <br> Baldwinsville NY 13027 |

Letters Issued:       **LIMITED LETTERS OF ADMINISTRATION**

Limitations:          **Said administrator(s), in both his/her/their individual and fiduciary capacity/capacities as well as any attorney who represents him/her/them in either capacity/capacities, shall not collect or receive the proceeds from any action instituted or settled pursuant to the authority granted by these letters without the further order of this court or any court of competent jurisdiction pursuant to EPTL 5-4.6**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the  in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: **February 10, 2022**

IN TESTIMONY WHEREOF,   the seal of the Onondaga County Surrogate's Court has been affixed.

WITNESS, Hon Mary Keib Smith, Judge of the Onondaga County Surrogate's Court.

*S/Eileen A. Casey,*
_____
Eileen A. Casey, Esq., Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Onondaga County Surrogate's Court*

**Attorney:**
**Laurence A. Wangerman**
333 East Onondaga Street, Suite 4B
Syracuse NY 13202

At a Surrogate's Court of the State of New York held in and for the County of Onondaga at Syracuse, New York.

PRESENT: Hon. Mary Keib Smith, Surrogate

**Administration Proceeding, Estate of**
**Paul G. Watkins**

_____ Deceased.

**DECREE GRANTING LIMITED**
**ADMINISTRATION**

**File No. 2022-18/A**

A verified petition having been filed by Lauren E Valchine praying that administration of the goods, chattels and credits of the above-named decedent be granted to Lauren E Valchine and all persons named in such petition, required to be cited, having been cited to show cause why such relief should not be granted, have either failed to appear in response to a served citation or having waived the issuance of such citation and consented thereto; and it appearing that Lauren E Valchine is in all respects competent to act as administrator of the estate of said deceased; now it is

ORDERED AND DECREED, that Limited Letters of Administration issue to Lauren E Valchine upon proper qualification and the filing of a bond be and hereby is dispensed with; and it is further

ORDERED AND DECREED, that the authority of such administrator be restricted in accordance with, and that the letters herein issued contain, the limitation(s) as follows:

Limitations/Restrictions:  Said administrator(s), in both his/her/their individual and fiduciary capacity/capacities as well as any attorney who represents him/her/them in either capacity/capacities, shall not collect or receive the proceeds from any action instituted or settled pursuant to the authority granted by these letters without the further order of this court or any court of competent jurisdiction pursuant to EPTL 5-4.6

DATED:  February 10, 2022

Mary Keib Smith
Surrogate

SURROGATE'S COURT
FILED

FEB 1 0 2022

COUNTY OF ONONDAGA
STATE OF NEW YORK

# Exhibit B

State of New York
Supreme Court-Onondaga County

---

Estate of Paul G. Watkins, and
Lauren E. Valchine, individually and as natural
guardian for: Colton Watkins, Rosalia Watkins,
Weston Watkins, Makayla Watkins, and
Nathan Watkins

                   Claimants-Plaintiffs

    v

Onondaga County, and
Onondaga County Sheriff

                   Respondents-Defendants

Notice of Claim
GML §50-e
and
Proof of Service

---

## NOTICE OF CLAIM

Aaron Zimmerman, Esq, being duly sworn does depose and say upon information and belief as follows:

1.    This affidavit-claim is being made pursuant to General Municipal Law §50-e.

2.    Claimants names and their post office address are:

        Estate of Paul G. Watkins
        8754 Tallwood Ridge
        Baldwinsville, NY 13027, and

        Lauren E. Valchine, individually and as natural guardian for: Colton
        Watkins, Rosalia Watkins, Weston Watkins, Makayla Watkins, and
        Nathan Watkins
        8754 Tallwood Ridge
        Baldwinsville, NY 13027

3.      Claimants' attorneys are:

| | |
|---|---|
| Aaron Zimmerman, Esq<br>117 South State Street<br>Syracuse, NY 13202<br>[T] 315.475.7777<br>[F] 315.475.4225<br>az@ZiPiLaw.com | Lawrence A. Wangerman, Esq<br>3260 Oran Gulf Road<br>Manlius, NY 13104<br>wangeroo1@aol.com |

4.      Onondaga County, is a New York State municipality which owns, operates, staffs, and otherwise is in control of the facility known as the:

Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202.

5.      The Onondaga County Sheriff is a New York State Constitutional officer. The Onondaga County Sheriff is invested with the power and responsibility to be Onondaga County's chief police enforcement officer. The Sheriff's powers and responsibilities include the power of arrest and power to incarcerate inmates within the Onondaga County Justice Center. The Sheriff's powers and responsibilities further include staffing, operating, controlling, and overseeing the inmates kept, and housed in the Onondaga County Justice Center.

6.      The nature of this claim:

This is a claim based on tort principles, concepts, and theories against Onondaga County and/or the Onondaga County Sheriff; including, but not limited to: negligence-- that is the failure to take an act or acts that should have been taken but was/were not, or, the taking of an act or acts which should not have been taken but was/were taken; negligence in the ownership, operations and control of the Onondaga County Justice Center, negligent hiring of employees agents and servants who were performing activities in and for the Onondaga County Justice Center, failure to properly, competently and timely evaluate incoming and incarcerated

inmates for aberrational activities, signs and/or symptoms, failure to properly, competently and timely evaluate incoming and incarcerated inmates for abnormal activities, signs and/or symptoms of potential self-injury, failure to properly, competently and timely evaluate incoming and incarcerated inmates for abnormal activities, signs and/or symptoms for suicide; failure to properly hire, staff, manage, and supervise the inmates during their stays in the Onondaga County Justice Center; failure to provide adequate food, accommodations, and services for incarcerated inmates, including but limited to clothing, bedding, and facilities that are suicide and self-injury proof; wrongful death; spousal derivative loss of society, services and companionship; loss of education, love and services for decedent's minor children.

7.    The time when, place where, and the manner on which the claim arose:

Paul G Watkins [hereafter Decedent] was placed under arrest by a member of the Onondaga County Sheriff's Department on December 9, 2021, in the Town of Cicero. Decedent was thereafter until his death on December 17, 2021 in the care, control and custody of the Onondaga County Sheriff and/or the County of Onondaga.

From December 9, 2021, when arrested, until December 17, 2021 when he died, decedent was under the care, control and custody of Onondaga County and/or the Onondaga County Sheriff and incarcerated in the Onondaga County Justice Center.

On or about December 16, 2021 at about 11:30pm, decedent was observed by a Corrections Officer hanging by the neck. Decedent was then transported to an off-site medical facility where he was evaluated and pronounced dead.

8.    In support of this claim, attached are copies of the following documents:

a]  Town of Cicero Arrest Report dated 12/009/2021 [redacted
b]  Certificate of Death dated 12/21/2021 [redacted]
c]  Limited Letters of Administration dated 02/10/22 [redacted]
d]  Certificate of Marriage dated 01/04/2011 [redacted]

    e]  Certificate of Birth Dated 12/21/2007 [redacted]
    f]  Certificate of Birth Dated 11/23/2010 [redacted]
    g]  Certificate of Birth Dated 11/16/2017 [redacted]
    h]  Certificate of Birth Dated 12/11/2018  [redacted]
    I]  Certificate of Birth Dated 08/13/2015 [redacted]

9.    Items of damages or injuries:

Physical pain; emotional suffering; fear of death; agony; loss of spousal society, companionship, and services; loss of spousal and fatherly financial support; loss of fatherly love, services, and education; together with other general and special damages.

10.    Claimants' further allege the circumstances of this claim justify punitive damages against the Onondaga County Sheriff and Onondaga County.

## PROOF OF SERVICE

Aaron Zimmerman, Esq, being duly sworn does depose and say as follows

11.    On March 4, 2022, this Claim and the attachments described herein have been tendered to the US Postal Service, in a sealed envelope, bearing sufficient postage, to be delivered by Certified mail, Return Receipt Requested, to:

    Sheriff Eugene J. Conway
    Onondaga County Sheriff
    407 South State Street
    Syracuse, NY 13202

    Robert A. Durr, Esq.
    Onondaga County Attorney, Department of Law
    John H. Mulroy Civic Center, 10th Floor
    421 Montgomery Street
    Syracuse, NY 13202

Dated:       March 4, 2021

-------------------------------------------
Aaron Zimmerman, Esq.
117 South State Street
Syracuse, New York 13202
[T] 315.475.7777
[F] 315.475.4225
az@ZiPiLaw.com

Notary Public

On March 4, 2021, Aaron Zimmerman personally appeared before me proved his identity and upon being duly sworn did state that this Claim and Proof of Service is made by him, as one of the attorneys for and on behalf of Estate of Paul G. Watkins, and Lauren E. Valchine, individually and as natural guardian for Colton Watkins, Rosalia Watkins, Weston Watkins, Makayla Watkins, and Nathan Watkins, and he did say that the facts of this claim is true and accurate, except as to those facts stated to be upon informaion and beleif and as to those facts he believes them to be true, and he thereupon subscribed his signature.

_____
ANDREW N. PIRAINO
Notary Public, State of New York
Qualified in Onondaga Co. No. 02PI6041262
My Commission Expires Apru 30, 20: 22

# New York State
## ARREST REPORT

| 1. NYSID No. | 2. OBTS No. | | 3. Case No. | 4. Ref. No. |
|---|---|---|---|---|
| NY | | | 21-597370 | 4b. |

| 5. FBI No. | 6. Arrest No. | 7. Agency | 8. Division/Precinct | 4a. |
|---|---|---|---|---|
| | 21-A-320 | 15 Cicero Police | Patrol3302 | |

**DEFENDANT INFORMATION**

| 9. Last | First | MI | Suffix | 10. Alias/Nickname/Maiden Name (Last, First, Middle) | 11. Phone Number |
|---|---|---|---|---|---|
| Watkins | Paul | G | | None | (315) 720-3612 |

| 12. Address # | Prefix | Street Name | Street Type | Suffix | Bldg # | Apt # | 13. City | City/Town/Village | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | North Syracuse | NY | 13212 |

| 14. Resident Status | 15. Place of Birth | 16. Date of Birth | 17. Age | 18. Sex | 19. Race | 20. Ethnicity | 21. Skin | 22. Hgt | 23. Weight |
|---|---|---|---|---|---|---|---|---|---|
| Resident | Syracuse, NY | 1983 | 38 | M | White | Non Hisp | Light | 5' 09" | 175 |

| 24. Hair | 25. Eyes | 26. Glasses | 27. Build | 28. Marital Status | 29. U.S. Citizen | 30. Citizen of |
|---|---|---|---|---|---|---|
| BLN | GRN | No | Medium | Married | Yes | USA |

| 31. Social Security No. | 32. Education | 33. Religion | 34. Occupation | 35. Employed | 36. Scars/Marks/Tattoos (Describe) |
|---|---|---|---|---|---|
| | 09 | None | Laborer | Yes | Rose On Neck |

**ARREST INFORMATION**

| 37. Arresting Officer | City/Town/Village | 38. ID No. | 39. Assisting Officer | 40. ID No. | Agency | 41. Arrest Date | 42. Time |
|---|---|---|---|---|---|---|---|
| S. Wallace | | 0720 | J. Kazmirski | 0705 | 15 Cicero Police | 12/09/2021 | 00:46 |

| 43. Location of Arrest | City/Town/Village | Address No. | Prefix | Street Name | Street Type | Suffix | Bldg # | Apt # |
|---|---|---|---|---|---|---|---|---|
| Town | Cicero | 7790 | | Frontage | RD | | | |

| State | Zip | 44. Juvenile | 45. Defendant Condition At Arrest | 46. Weapon(s) At Arrest | 47. Co-defendants Arrest No. |
|---|---|---|---|---|---|
| NY | 13039 | No | Appeared Normal | None/Not Applicable | |

| 48. Miranda | 49. Miranda By | 50. Miranda Date | 51. Miranda Time | 52. Statements | 53. Status | 54. Search Warrant | 55. ID Procedure |
|---|---|---|---|---|---|---|---|
| No | | / / | : | None | | No | None |

| 56. Arraignment Court | 57. Arraignment Judge | 58. Date | 59. Time | 60. Property | 61. Evidence | 61a. Processed by | 61b. Disposition |
|---|---|---|---|---|---|---|---|
| Cicero | Presiding | 12/09/2021 | 08:00 | No | No | | |

| 62. Incident No. | 63. Arresting Status | 64. Bail Amount | 65. Bondsman | 66. Photo No. | 67. Arrest Type | 68. Warrant No. |
|---|---|---|---|---|---|---|
| 15/21-597370 | Held | $ | | | CIP | |

| 69. Arrest FOA | 70. Other Agency | 71. F/P Taken | 72. Location of Offense | City/Town/Village | County | State |
|---|---|---|---|---|---|---|
| No | | Yes | Town | Cicero | Onondaga | NY |

| 73. Offense Date | 74. No. Offenders | 75. No. Victims | 76. Return Court | 77. Return Judge | 78. Return Date | 79. Time |
|---|---|---|---|---|---|---|
| 12/09/2021 | 01 | 01 | Cicero | Presiding | 12/09/21 | 16:00 |

| 80. Defendant / Case TOT Agency | 80a. Officer's Name | 81. Time | 82. Date |
|---|---|---|---|
| | | : | / / |

**CHARGE INFORMATION**

| 83. Law | Article & Section | Sub | Class | Category | Degree | Attempt | Offense Name | Count | Age | Victim Sex | Handicap | Assoc No. | Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PL | 21550 | 03 | A | M | 2 | N | Criminal Contempt | 01 | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

**ASSOCIATED PERSONS INFORMATION**

| SI.PT | Last Name | First | MI | Addr # | Prefix | Street Name | Type | Suffix | City | State | Zip | Phone |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | ( ) - |
| | | | | | | | | | | | | ( ) - |
| | | | | | | | | | | | | ( ) - |
| | | | | | | | | | | | | ( ) - |
| | | | | | | | | | | | | ( ) - |

RECEIVED
DEC 10 2021
TOWN OF CICERO COURT

FEB 07 2022

**NARRATIVE**

85.
See Attached Case Paperwork

Fingerprint# 21-06515-90(A)

| 86. Arresting Officer's Name | 87. ID# | Signature | 88. Supervisor's Name | 89. ID# | Supervisor's Signature | 94. |
|---|---|---|---|---|---|---|
| S.Wallace | 0720 | | SGT. STEPHEN AMYOT | 0600 | | Page 01 of 01 |

| 90. Arrest Made As A Result of SAFIS Latest Print ID? | 91. | 92. | 93. | 93a. Body Worn Camera Footage Available? |
|---|---|---|---|---|
| | | | | |

DCJS - 3205 (7/08) False Statements made herein are punishable as a Class A misdemeanor pursuant to NYS Penal Law

# CERTIFICATE OF DEATH

DEPARTMENT OF HEALTH

REGISTER NUMBER: 3300
6060

STATE FILE NUMBER: 131-2021-00110700

Paul G. Watkins

Date of Death: 12 17 2021 12:14 AM

Name of Facility: Crouse Hospital

Locality: Syracuse

County of Death: Onondaga

Date of Birth: 05 04 1983

Age: 38

Birthplace: Syracuse, New York

Social Security Number:

Marital Status: Married

Surviving Spouse: Lauren Valchine

Usual Occupation: Owner/Operator

Kind of Business or Industry: Painting

Residence: NY, Onondaga, Lysander Town

Zip Code: 13027

Name of Father/Parent: William E. Watkins

Name of Mother/Parent: Marlene Biegle

Name of Informant: Lauren Valchine

Mailing Address: Baldwinsville, NY 13027

Disposition: Cremation  12 22 2021

Place of Burial: St. Mary's Cemetery

Location: DeWitt, New York

Name and Address of Funeral Home: Thomas J Pirro Jr Funeral Home
3401 Vickery Road, North Syracuse Village, NY 13212

Name of Funeral Director: Thomas J Pirro Jr.

Signature of Funeral Director: Thomas J Pirro Jr Electronically Signed

Signature of Registrar: Inda Gapas IMD Electronically Signed

Date Filed: 12 21 2021  Karen Coty  12 21 2021

ITEMS 25 THRU 33 COMPLETED BY CERTIFYING PHYSICIAN – OR – CORONER/CORONER'S PHYSICIAN OR MEDICAL EXAMINER

Certifier's Name: Dianne Vertes, MD  License No. 228861

Signature: Dianne Vertes, MD Electronically Signed

Address: 100 Elizabeth Blackwell Street, Syracuse, NY 13210

Manner of Death: Suicide

Injury Date: 12 14 2021

Injury Locality: Syracuse, Onondaga, NY

Describe How Injury Occurred: Hanged self

Place of Injury: Jail

PART I. IMMEDIATE CAUSE:
(a) Partial Suspension Hanging

*On the Date Written Below LETTERS are Granted by the Surrogate's Court, State of New York as follows:*

| | | |
|---|---|---|
| | | File #: **2022-18/A** |
| Name of : | **Paul G. Watkins** | Date of Death: **December 17, 2021** |
| Domicile of : | **County of Onondaga** | |
| Fiduciary Appointed: Mailing Address | **Lauren E Valchine** ▬▬▬▬▬▬ Baldwinsville NY 13027 | |

Letters Issued: **LIMITED LETTERS OF ADMINISTRATION**

Limitations: **Said administrator(s), in both his/her/their individual and fiduciary capacity/capacities as well as any attorney who represents him/her/them in either capacity/capacities, shall not collect or receive the proceeds from any action instituted or settled pursuant to the authority granted by these letters without the further order of this court or any court of competent jurisdiction pursuant to EPTL 5-4.6**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the  in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: **February 10, 2022**

IN TESTIMONY WHEREOF, the seal of the Onondaga County Surrogate's Court has been affixed.

WITNESS, Hon Mary Keib Smith, Judge of the Onondaga County Surrogate's Court.

*S/Eileen A. Casey,*
_____
Eileen A. Casey, Esq., Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Onondaga County Surrogate's Court*

Attorney:
Laurence A. Wangerman
333 East Onondaga Street, Suite 4B
Syracuse NY 13202



*L3950946*

District Name _____ CLAY _____

# New York State Department of Health

District No. _____ 3352 _____

## Certificate of Marriage Registration

Local Register No. _____ 329 _____

*This is to certify that the persons identified below were married on the date and at the place specified as shown by the duly registered license and certificate of marriage on file in this office*

**Groom** Name ____ PAUL _____ GERARD _____ WATKINS ____
First            Middle            Premarriage Surname

☒ Check box if same as premarriage surname

New Surname (if applicable) _____

Residing at ▓▓▓▓▓▓, NORTH SYRACUSE, NY

Date of Birth ▓▓▓ 1983    Place of Birth ____ SYRACUSE, NY ____
Month   Day   Year            City, Town or Village/State or Country

**Bride** Name ____ LAUREN   ELIZABETH   VALCHINE ____
First          Middle       Premarriage Surname      Maiden Name
(if different from premarriage surname)

____ WATKINS _____ ☐ Check box if same as premarriage surname

New Surname (if applicable)

Residing at ▓▓▓▓▓▓, NORTH SYRACUSE, NY

Date of Birth ▓▓▓ 1982    Place of Birth ____ DARIEN IL ____
Month   Day   Year            City, Town or Village/State or Country

Date of Marriage ____ 12/31/2010 ____    Place of Marriage ____ NORTH SYRACUSE ____ NEW YORK ____
Month   Day   Year            City, Town or Village       State or Country

**(SEAL)** ____ Town or City Clerk ▶ _____ ____ 01/04/2011 ____
Month   Day   Year

☐ If checked, this marriage was a second or subsequent ceremony.

**Do not accept this transcript unless the raised seal of the issuing facility is affixed thereon.**
**Any Alteration Invalidates This Certificate.**
**See Reverse Side For A List of Security Features Used In This Form.**

DOH-135 (2/2001)

| Recorded District | New York State Department of Health | State File Number: |
| 3361 | Vital Records Section | |
| Register Number | # CERTIFICATE OF | |
| 0927 | BIRTH | 131-2007-00016177 |

**Infant**

| 1A. Name: First | Middle | Last |
|---|---|---|
| Nathan | Michael | Watkins |

| 2A. Date of Birth: | 2B. Hour | 3. Sex: | 4A. Birth Is: (Single, Twin, etc.) | 4B. If Not Single, Birth Is: |
|---|---|---|---|---|
| ████████ 2007 | 8:51 AM | Male | Single | |

**Place**

| 5A. Locality of Birth: | 5B. County of Birth: |
|---|---|
| Town of Onondaga | Onondaga |

**Mother**

| 6A. Name: First | Middle | Maiden Last Name |
|---|---|---|
| Amanda | Sylvia | Giarrei |

| 6B. Date of Birth: | 6C. City & State of Birth (Country, if not U.S.A.) |
|---|---|
| ████ 1989 | Syracuse, New York |

| 7A. Residence, State: (Country, if not U.S.A.) | 7B. County (Twr. or Prov., if not USA) |
|---|---|
| New York | Onondaga |

| 7C. Locality: | 7E. Inside City/Village Limits? |
|---|---|
| City of Syracuse | YES |

| 7F. Street and Number of Residence: | 7G. Zip Code: |
|---|---|
| ███████████ | 13205 |

| 8A. Mailing Address: | 8B. Zip Code: |
|---|---|
| ███████ , Syracuse , New York | 13205 |

**Father**

| 9A. Name: First | Middle | Last |
|---|---|---|
| Paul | Gerard | Watkins |

| 9B. Date of Birth: | 9C. City & State of Birth (Country, if not U.S.A.) |
|---|---|
| ████ 1963 | Syracuse, New York |

| 10A. Local Filing Date: | 10B. Amendment Filing Date: | 10C. Amendment Number: |
|---|---|---|
| March 06, 2007 | November 21, 2007 | ████████ |

*Peter N. Carucci, Director of Vital Records*

DOH-2075.2 (02/2004)

**New York State Department of Health**

# CERTIFICATE OF LIVE BIRTH

Recorded District
3300

Register Number
5814

State File Number:

131-2010-00101614

## INFANT

| 1A. Name: First | Middle | Last |
|---|---|---|
| Makayla | Marie | Watkins |

| 2A. Date of Birth: | 2B. Hour: | 3. Sex: | 4A. Birth Is: | 4B. If Not Single, Birth Is: |
|---|---|---|---|---|
| 2010 | 11:43 AM | Female | Single | |

| 5. Place of Birth: | 5A. Facility Name: (Address, if Place of Birth is Other than Hospital / Birthing Center) |
|---|---|
| Hospital | Crouse Hospital |

| 6B. Locality of Birth: | 6C. County of Birth: |
|---|---|
| City of Syracuse | Onondaga |

## MOTHER

| 7A-1. Name: First | Middle | Current Last Name |
|---|---|---|
| Lauren | Elizabeth | Valchine |

| 7A-2. Last Name on Birth Certificate: | 7B. Date of Birth: | 7C. City & State of Birth: (Country, if not U.S.A.) |
|---|---|---|
| Valchine | 1982 | Darien, Illinois |

| 8A. Residence, State: (County, if not U.S.A.) | 8B. County (Parish or Prov., if not U.S.A.) |
|---|---|
| New York | Onondaga |

| 8C. Locality: | 8D. Inside City/Village Limit: |
|---|---|
| Town of Clay | |

| 8E. Street and Number of Residence: | 8F. Zip Code: 13212 |
|---|---|

| 8G. Mailing Address: | 8H. Zip Code: |
|---|---|
| North Syracuse, NY | 13212 |

## FATHER

| 9A-1. Name: First | Middle | Current Last Name |
|---|---|---|
| Paul | Gerard | Watkins |

| 9A-2. Last Name on Birth Certificate: | 9B. Date of Birth: | 9C. City & State of Birth: (Country, if not U.S.A.) |
|---|---|---|
| Watkins | 05/04/1983 | Syracuse, New York |

## ATTENDANT

| 10A. I certify that the stated information concerning this child is true to the best of my knowledge and belief. | 10B. Date Signed: Month 31 Day 10 Year 10 |
|---|---|
| 10C. Signature ▶ | |
| 10C. Name of Certifier, if Not Attendant: | Title: | 10D-1. NYS License Number: (Certifier) |
| 10E. Attendant's Name: LOFTUS WILLIAM JOSEPH | Title: M.D. | 10F-1. NYS License Number: (Attendant) 098002 |

| 11A. Registrar Name: | SUZANNE H STILWELL |
|---|---|
| 11B. Signature of the Registrar: | 11C. Date Filed: NOV 2 3 2010 |

| 1 2 | 12. Interlineation Added at Certificate: Item No.   Date of Correction:   Authorization   Original Information |
|---|---|

DOH-1983E (09/2009)

**New York State Department of Health**

Recorded District 3309

Register Number 5492

# CERTIFICATE OF LIVE BIRTH

State File Number:

131-2017-00068960

**INFANT**

| 1A. Name: First | Middle | Last |
|---|---|---|
| Weston | Martin | Watkins |

| 2A. Date of Birth: | 2B. Hour: | 3. Sex: | 4A. Birth Is: | 4B. If Not Single, Birth Is: |
|---|---|---|---|---|
| ████, 2017 | 1:35 AM | Male | Single | |

| 5. Place of Birth: | 6A. Facility Name: (Address, If Place of Birth Is Other Than Hospital / Birthing Center) |
|---|---|
| Hospital | Upstate University Hospital at Community General |

| 6B. Locality of Birth: | 6C. County of Birth: |
|---|---|
| Town of Onondaga | Onondaga |

**MOTHER**

| 7A-1. Name: First | Middle | Current Last Name |
|---|---|---|
| Lauren | Elizabeth | Valshine |

| 7A-2. Last Name on Birth Certificate: | ████1982 | Danville, Illinois |
|---|---|---|
| Valshine | | |

| 8A. Residence, State: (County, If not U.S.A.) | 8B. County (City, or Prior, if not U.S.A.) | |
|---|---|---|
| New York | Onondaga | |

| 8C. Locality: | 8D. Inside City/Village Limit? |
|---|---|
| Town of Lysander | |

| 8E. Street and Number of Residence: | 8F. Zip Code: 13027 |
|---|---|
| ████ | |

| 8G. Mailing Address: ████ Baldwinsville, NY | 8H. Zip Code: 13027 |
|---|---|

**FATHER**

| 9A-1. Name: First | Middle | Current Last Name |
|---|---|---|
| Paul | Gerard | Watkins |

| 9A-2. Last Name on Birth Certificate: | 9B. Date of Birth: | 9C. City & State of Birth: (County, if not U.S.A.) |
|---|---|---|
| Watkins | 05/04/1983 | Syracuse, New York |

**ATTENDANT**

| 10A. I certify that the stated information concerning this child is true to the best of my knowledge and belief. | 10B. Date Signed: Month 11 Day 01 Year 2017 |
|---|---|
| Signature ► Barbara J Loughlin | |

| 10C. Name of Certifier, if not Attendant: | Title: | 10D-1. NYS License Number: |
|---|---|---|
| | | |

| 10E. Attendant's Name: | Title: | 10E-1. NYS License Number: |
|---|---|---|
| LOUGHLIN BARBARA J | LM | 000132 |

| 11A. Register Name: |
|---|
| RUTH ANN RIPOSA |

| 11B. Signature of the Register: | 11C. Date Filed: NOV 16 2017 |
|---|---|

| 12. Information Added or Corrected: |
|---|
| Item No: Date of Correction: Authorization: Original Information: |

DOH-1656 (08/2009)

# CERTIFICATE OF
# LIVE BIRTH

3300

Register Number

6224

131-2018-00100211

1A. Name: First

Roselle

Middle

Last

Valentina

2A. Date of Birth:

2018

5. Place of Birth:

Hospital

6B. County of Birth:

Town of Onondaga

8. Name: First

Middle

Current Last Name

Valentina

New York

Onondaga, NY

Town of Clay

Baldwinsville, NY                                      13027

Billie

Widow

LOPEZ ALFREDO



**New York State Department of Health**

# CERTIFICATE OF LIVE BIRTH

Recorded District: 3300

Register Number: 3731

State File Number: 131-2015-00083005

| 1A. Name: First | Middle | Last |
|---|---|---|
| Colton | Gerard | Watkins |

| 2A. Date of Birth: 2015 | 2B. Hour: 6:42 PM | 3. Sex: Male | 4A. Birth Is: Single | 4B. If Not Single, Birth Is: |
|---|---|---|---|---|

| 5. Place of Birth: Hospital | 6A. Facility Name: (Address, if Place of Birth is Other than Hospital / Birthing Center) Crouse Hospital |
|---|---|

| 6B. Locality of Birth: City of Syracuse | |
|---|---|

| 7A.1. Name: First | Middle | Current Last Name |
|---|---|---|
| Lauren | Elizabeth | Valchine |

| 7A.2. Last Name on Birth Certificate: Valchine | 7B. Date of Birth: | 7C. City & State of Birth: (Country, if not U.S.A.) Darien, Illinois |
|---|---|---|

| 8. Residence: State, (County, if not U.S.A.) New York | |
|---|---|

Elbridge(town), NY

| 9A.1. Name: First | Middle | Current Last Name |
|---|---|---|
| Paul | Gerard | Watkins |

| 9A.2. Last Name on Birth Certificate: Watkins | 9B. Date of Birth: | 9C. City & State of Birth: (Country, if any U.S.A.) Syracuse, New York |
|---|---|---|

| 10A. I certify that the stated information ... true to the best of my knowledge and belief. Signature ▶ | 10B. Date Signed |
|---|---|

RUTH-ANN REDDIG

DOH-1681E (09/2001)