UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAUREN E. VALCHINE, Individually
and as the Administrator of the Estate
of Paul Watkins,

           Plaintiff,

         -v-                        9:23-CV-356

ONONDAGA COUNTY, ONONDAGA
COUNTY SHERIFF, PROACTIVE
HEALTH CARE MEDICINE, PLLC,
and NAPHCARE, INC.,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAURENCE A. WANGERMAN, ESQ.<br>Attorneys for Plaintiff<br>3260 Oran Gulf Road<br>Manlius, NY 13104 | LAURENCE A. WANGERMAN, ESQ. |
| ONONDAGA COUNTY<br>   ATTORNEY'S OFFICE<br>Attorneys for County Defendants<br>421 Montgomery Street, 10th Floor<br>Syracuse, NY 13202 | JOHN A. SICKINGER, ESQ. |
| COSTELLO, COONEY<br>   & FEARON, PLLC<br>Attorneys for Proactive defendants<br>211 West Jefferson Street<br>Syracuse, NY 13202 | PAUL G. FERRARA, ESQ. |

| | |
|---|---|
| GALE & HUNT, LLC | KEVIN T. HUNT, ESQ. |
| Attorneys for Naphcare, Inc. | MINLA KIM, ESQ. |
| P.O. Box 97 | |
| Fayetteville, NY 13066 | |

DAVID N. HURD
United States District Judge

## ORDER REMANDING ACTION

This civil case arises from the death of Paul Watkins ("decedent"), who committed suicide while being held in the Onondaga County Justice Center. Plaintiff Lauren E. Valchine ("Valchine" or "plaintiff"), decedent's spouse and the administrator of his estate, filed this negligence and wrongful death action in Supreme Court, Onondaga County against defendants County of Onondaga (the "County"), the Onondaga County Sheriff (the "Sheriff"), Proactive Health Care Medicine, PLLC ("Proactive"), and Naphcare, Inc. ("Naphcare"). *See* Dkt. No. 1.

On March 21, 2023, Proactive removed the action to federal court under 28 U.S.C. § 1441(a), which permits removal when the pleading asserts claims arising under federal law. Dkt. No. 1. Thereafter, the County defendants and Proactive answered and asserted some cross-claims, Dkt. Nos. 7, 11, while Naphcare moved to partially dismiss the operative pleading to the extent it asserted claims sounding in medical malpractice, Dkt. No. 10.

On April 18, 2023, Valchine filed an amended complaint, purportedly as a matter of course. Dkt. No. 14. Thereafter, plaintiff cross-moved to remand

this action to state court.  Dkt. No. 18.[1]  As plaintiff explains, the amended complaint eliminates any basis for federal-question jurisdiction.  *Id.*

Generally speaking, a party may amend its pleading once "as a matter of course."  FED. R. CIV. P. 15(a)(1)(B).  That kind of amendment, taken as of right, moots any pending motions to dismiss because, as a technical matter, those motions are no longer directed at the sufficiency of the operative pleading.

All other amendments to pleadings require "the opposing parties' written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  As relevant here, this one-bite rule applies to limit amendments to pleadings in removed cases even if the first amendment happened in state court; *i.e.*, before the action was removed to a federal forum governed by federal procedural rules, such as Rule 15.  *Hollander v. Pressreader, Inc.*, 2020 WL 2836189, at *2 (S.D.N.Y. May 30, 2020); *see also Gibson v. N.Y. State Office of Mental Health*, 2018 WL 1989543, at *9 n.8 (N.D.N.Y. Apr. 24, 2018).

That appears to be the case in this action.  Plaintiff's removed pleading is entitled First Amended Complaint.  Dkt. No. 2.  That would make plaintiff's latest amendment, purportedly filed as of right, at least her second bite at Rule 15's apple.  Ordinarily, the standard course of action under those

---

[1] The deadline for filing an opposition to remand has expired.  *See* Dkt. No. 18.  Naphcare and Proactive oppose remand.  Dkt. Nos. 23, 26.  The County defendants take no position.  Dkt. No. 25.

circumstances would be to direct the Clerk to strike the inappropriate filing and advise the party to seek amendment in accordance with Rule 15(a)(2) and the Local Rules governing motion practice in this District.

However, because this limitation on amendment for a removed pleading is not obvious, and because Rule 15 also directs the court to "freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), the Court *sua sponte* grants plaintiff leave to amend, *see In re Garrett Motion Inc. Sec. Litig.*, 2020 WL 976269, at *18 (S.D.N.Y. Mar. 31, 2022), and accepts the "Amended Complaint" as the operative pleading, Dkt. No. 14.

The remaining question is what to do about the fact that this Amended Complaint intentionally abandons or withdraws plaintiff's federal claims based on her express desire "to litigate their claims in state court." Dkt. No. 14. This sort of tactic is generally disfavored. *See, e.g.*, *Hoechstetter v. Columbia Univ.*, 2020 WL 905738, at *3 (S.D.N.Y. Feb. 25, 2020). After all, the removal statute reflects Congress's decision to make a federal forum available to defendants under these circumstances. *See id*. That is why the presence (or absence) of subject matter jurisdiction is determined based on the pleading in effect at the time of removal. *Callahan v. Wyckoff Heights Med. Ctr.*, 2021 WL 7209232, at *3 (E.D.N.Y. Sept. 14, 2021).

"Upon removal, the court acquires supplemental jurisdiction over any state law claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Callahan*, 2021 WL 7209232, at *3 (quoting 28 U.S.C. § 1367(a)).  In other words, "a post-removal amendment of the complaint that deletes all federal claims, leaving only pendent state law claims, does not divest the district court of its properly triggered subject matter jurisdiction."  *Id.* (cleaned up).  Instead, "when plaintiffs drop their federal claims, federal courts have discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal."  *Id.*

Under § 1367(c), a federal court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Importantly, though, even if one of the § 1367(c) categories apply, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated [by the Supreme Court] in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)]: economy, convenience, fairness, and comity."  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (quoting *Jones v. Ford*

- 5 -

*Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)).  And in a removed case like this one, the court should "also consider whether the party seeking remand engaged in forum manipulation."  *Callahan*, 2021 WL 7209232, at *3.

Upon review, the balance of these factors favors remand.  First off, the removed state court pleading includes only the barest of references to any alleged federal constitutional violation.  While those bare references might have been sufficient to justify removal, plaintiff thereafter acted promptly to abandon these federal claims (to the extent they were even truly stated).

Even more importantly, though, this case is in the very early stages of litigation.  *Cf. Catzin*, 899 F.3d at 83 (observing that § 1367(c) factors might weigh in favor of retaining jurisdiction "in long-pending cases presenting no novel issues of state law" that are ready, or perhaps close to ready, for a trial).  "District courts typically remand actions under these circumstances," *Callahan*, 2021 WL 7209232, at *5, because "retaining jurisdiction over this case would lead to the very drain on resources and prejudice to the litigants that the general rule is meant to avoid," *MCredit, Inc. v. City of Waterbury*, 651 F. Supp. 2d 1, 7 (D. Conn. 2009).

Therefore, it is

ORDERED that

1. Plaintiff's Amended Complaint (Dkt. No. 14) is ACCEPTED for filing as the operative pleading in this action;

2. Plaintiff's cross-motion to remand is GRANTED;

3. This action is REMANDED to Supreme Court, Onondaga County; and

4. The remaining motions are DENIED without prejudice as moot.

The Clerk of the Court is directed to terminate the pending motions and return the file to the originating jurisdiction.

IT IS SO ORDERED.

Dated: May 12, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge